Filed 11/14/13

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| ELAYNE VALDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | S204387 |
| v. | ) | |
| | ) | Ct.App. 2/7 B237147 |
| WORKERS' COMPENSATION | ) | |
| APPEALS BOARD and WAREHOUSE | ) | W.C.A.B. No ADJ7048296 |
| DEMO SERVICES et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This case concerns the admissibility of doctors' reports in workers' compensation proceedings. The Court of Appeal granted writ review and annulled decisions by the Workers' Compensation Appeals Board (the Board) restricting the admission of reports from a doctor retained by petitioner Elayne Valdez. We affirm.

## I. BACKGROUND

### A. *The Relevant Statutes*

Division 4 of the Labor Code sets out an extensive, regulated system for compensation and medical treatment of employees injured at work. (Lab. Code, § 3200 et seq.)[1] While employers are responsible for the costs of treating injured workers (§ 4600), employees have the right to retain consulting or attending physicians at their own expense (§ 4605). In 2004, the Legislature added article

_____

[1] Further statutory references are to the Labor Code.

1

2.3 to chapter 2 of part 2 of division 4, allowing employers to create medical provider networks (networks or MPNs). (§ 4616 et seq.; Stats. 2004, ch. 34, § 27, p. 140; hereafter, article 2.3.) Article 2.3 and its implementing regulations provide detailed requirements for establishing and operating these networks. When an MPN is in place and an employee reports an injury, the employer must arrange for a medical evaluation and initiation of treatment. (§ 4616.3, subd. (a).) The employer must notify the employee of the existence of the MPN, and the employee's right to change treating physicians within the network after the first visit. (§ 4616.3, subd. (b).)

Two different statutory schemes for dispute resolution have a bearing on the issue before us. Section 4060 et seq. were in effect for some years before the enactment of article 2.3. They provide for comprehensive medical evaluations by "qualified medical evaluators" (evaluators) to resolve disputes over compensation for workplace injuries. (§§ 4062.1, subd. (b), 4062.2, subd. (b).) The employer is liable for the cost of properly authorized evaluations. However, "no party is prohibited from obtaining any medical evaluation or consultation at the party's own expense. . . . All comprehensive medical evaluations obtained by any party shall be admissible in any proceeding before the appeals board except as provided in Section 4060, 4061, 4062, 4062.1, or 4062.2"[2] (§ 4064, subd. (d).)

Article 2.3 establishes a different process for employees who dispute the *diagnosis or treatment* provided by an MPN doctor. The employee may seek an opinion from a second network doctor, and if dissatisfied may turn to yet a third doctor in the network. (§ 4616.3, subd. (c).) If the dispute persists after three consultations within the MPN, the employee may request an "independent medical review." (§ 4616.4, subd. (b).) These reviews are performed by doctors or medical

_____

[2] Currently, none of the statutes referenced in section 4064, subdivision (d) include any specific restriction on the admissibility of medical evaluations.

organizations retained by the administrative director of the Division of Workers' Compensation (the director). (§ 4616.4, subd. (a).)

The independent medical reviewer (reviewer) receives all documents related to the request, and may also conduct a physical examination of the employee and order diagnostic tests. (§ 4616.4, subd. (e).) The reviewer determines whether the disputed treatment is consistent with approved medical standards.[3] (§ 4616.4, subd. (f).) If the reviewer disagrees with the MPN physician's diagnosis or treatment, the employee may seek medical services approved by the reviewer from a doctor within or outside the MPN, at the employer's expense. (§ 4616.4, subd. (i); 8 Cal. Code Regs., § 9768.17.) The reviewer issues a written report to the director, who must adopt the reviewer's determination. (§ 4616.4, subds. (f), (h).) The director's decision is then appealable to the Board. (§ 5300, subd. (f); 8 Cal. Code Regs., § 9768.16, subd. (b).)

This case centers on the scope of section 4616.6, an article 2.3 provision that declares in its entirety: "No additional examinations shall be ordered by the appeals board and no other reports shall be admissable [*sic*] to resolve any controversy arising out of this article." The question is whether section 4616.6 applies only in proceedings to resolve diagnosis and treatment disputes under article 2.3, or more broadly in proceedings to determine disability benefits.[4]

---

[3] The reviewer may rely on the "medical treatment utilization schedule" set out in 8 California Code of Regulations, section 9792.20 et seq. (see § 5307.27), or on the American College of Occupational and Environmental Medicine's Occupational Medicine Practice Guidelines, as appropriate. (§ 4616.4, subd. (f).)

[4] We use the term "disability benefits" to refer to compensation for lost wages or earning capacity, as opposed to benefits in the form of medical treatment. (See *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 753.)

3

B. *The Proceedings Below*

Petitioner Valdez was injured by a fall at work. She began treatment with Dr. Nagamoto, a physician in her employer's MPN, but was dissatisfied. She did not exercise her right to change physicians within the network, or seek a second or third opinion from an MPN doctor. Instead, she undertook treatment with a doctor outside the network, Dr. Nario, who was recommended by her attorney.

Valdez subsequently applied for temporary disability benefits, relying on reports by Dr. Nario. Her employer objected that reports from non-MPN doctors were inadmissible under section 4616.6 for purposes of the disability hearing.[5] The workers' compensation judge (WCJ) overruled the objection, stating that "records from treating doctors have always been admissible." Valdez was awarded temporary disability benefits and attorney fees. The employer sought reconsideration. Again, the WCJ ruled that reports from all treating doctors were admissible, though he noted that the employer might not be liable for the cost of Dr. Nario's treatment and reports. The WCJ pointed out that the employer could have objected to Valdez's request for a hearing and sought a qualified medical evaluation to resolve the dispute over temporary disability, but "appear[ed] to have been so certain that non-MPN reports are inadmissible that it looked forward to the trial and establishing the MPN, rather than objecting."

The Board granted reconsideration en banc, and rescinded the WCJ's decision. Assuming for purposes of its opinion that the employer had established a valid MPN and given Valdez proper notice, the Board held that section 4616.6 precluded the admission of reports from any doctor outside the MPN. The Board further found that Dr. Nario was not Valdez's primary treating physician, and

---

[5] Valdez's employer, Warehouse Demo Services, is aligned in these proceedings with its insurer, Zurich North America, and the adjuster, ESIS Chatsworth. We refer to these respondents collectively as "the employer."

4

therefore was not qualified to issue an opinion regarding her eligibility for compensation. For that proposition, the Board relied on *Tenet/Centinela Hospital Medical Center v. Workers' Comp. Appeals Bd.* (2000) 80 Cal.App.4th 1041 (*Tenet*).

The Board recognized that section 4605 permits employees to consult with any doctor at their own expense. It noted, however, that section 4605 does not address the admissibility of "unauthorized" medical reports.[6] The Board also acknowledged that "[r]eports of attending or examining physicians" may be received as evidence under section 5703, subdivision (a), but reasoned that it would be an abuse of discretion to admit an unauthorized report. It remanded for further proceedings on the existence of a validly established and noticed MPN, noting as well that if substantial medical evidence were lacking, the record should be further developed.

Valdez sought reconsideration, arguing in part that section 4616.6 applies only to diagnosis and treatment disputes covered by article 2.3. The Board reaffirmed its conclusions in a second en banc opinion. The Board acknowledged that by its terms, section 4616.6 bars the admission of "other reports" only in controversies arising from article 2.3. However, the Board asserted that it did not rely "predominantly" on section 4616.6. It also considered the employee's right to change doctors within an MPN, the multiple-level article 2.3 process for obtaining second and third opinions and an independent medical review, the requirement that the primary treating physician render opinions on all medical issues relevant to a compensation claim (§ 4061.5), and the comprehensive medical evaluation

---

**6**  When the opinions of the Board and the Court of Appeal below were rendered, section 4605 provided: "Nothing contained in this chapter shall limit the right of the employee to provide, at his own expense, a consulting physician or any attending physicians whom he desires." As discussed below, a subsequent amendment to this provision sheds considerable light on the issue before us.

5

process set out in sections 4061 and 4062 for resolving disputes over temporary and permanent disability.

Nevertheless, the Board seemed to take an expansive view of section 4616.6 in its second en banc opinion, reasoning that "because section 4616.6 specifically precludes the admissibility of non-MPN medical reports on disputed issues of diagnosis, a report from a non-MPN treating physician finding an applicant to be temporarily disabled, for example, based on a different diagnosis from the MPN physician, should not be admissible under section 4616.6." The Board concluded by restating its view that when a validly established and properly noticed MPN is in place, no doctor outside the network may become the primary treating physician or submit an admissible report on medical issues relating to eligibility for compensation.

The Court of Appeal granted Valdez's petition for review and annulled the Board's decisions. The court reviewed the procedures set out in article 2.3, and reasoned that section 4616.6 pertains only to the independent medical review process for resolving controversies over treatment or diagnosis within an MPN. The court declared, "once that review has been concluded and the controversy . . . has been resolved, the matter should be at an end. Further medical reports and examinations would not only be likely to be duplicative, but would also add time and expense to the process. . . . [¶] It does not make sense . . . to construe section 4616.6 as a general rule of exclusion, barring any use of medical reports other than those generated by MPN physicians. Section 4616.6 states nothing of the sort. If the Legislature intended to exclude all non-MPN medical reports, the Legislature could have said so; it did not."

The court further held that nothing in the broader statutory scheme excludes reports by non-MPN doctors from the Board's consideration. It observed that during a comprehensive medical evaluation, the evaluator is provided with reports

from the employee's treating physician, who is not necessarily a member of an MPN. (§ 4062.3, subd. (a).) The court noted that a rule barring reports from privately retained physicians would eviscerate employees' right under section 4605 to consult with any doctor at their own expense. Finally, the court found no support in *Tenet*, *supra*, 80 Cal.App.4th 1041, for the WCAB's conclusion that Dr. Nario's report was inadmissible because he was not Valdez's primary treating physician.

We granted the employer's petition for review, in which the claim of error was limited to the Court of Appeal's interpretation of section 4616.6. The Board supported a grant of review, concurring with the employer's argument that the Court of Appeal opinion would effectively nullify the statutory scheme providing for MPNs. Subsequently, the 2012 Legislature revised the workers' compensation statutes, amending section 4605 in the process. (Sen. Bill No. 863 (2011-2012 Reg. Sess.), hereafter Senate Bill 863.) The following italicized language was added: "Nothing contained in this chapter shall limit the right of the employee to provide, at his *or her* own expense, a consulting physician or any attending physicians whom he *or she* desires. *Any report prepared by consulting or attending physicians pursuant to this section shall not be the sole basis of an award of compensation. A qualified medical evaluator or authorized treating physician shall address any report procured pursuant to this section and shall indicate whether he or she agrees or disagrees with the findings or opinions stated in the report, and shall identify the bases for this opinion.*" (Stats. 2012, ch. 363, § 42, italics added.) The Legislature did not amend section 4616.6.

The changes made by Senate Bill 863 apply generally to proceedings that have not resulted in final award: "This act shall apply to all pending matters, regardless of date of injury, unless otherwise specified in this act, but shall not be

7

a basis to rescind, alter, amend, or reopen any final award of workers' compensation benefits." (Stats. 2012, ch. 363, § 84.)

The Board's brief on the merits was filed after the passage of Senate Bill 863. The Board claims the amendment of section 4605 was a legislative effort to nullify a core underpinning of the Court of Appeal opinion, which the Board locates in the court's observation that excluding reports of privately retained physicians would eviscerate employees' right to contract with doctors of their own choice. The Board explains that its decision in Valdez's case was intended to "minimiz[e]" employees' incentive to procure doctors at their own expense and use those doctors' reports to obtain benefits. Now that the Legislature has dealt with this problem by specifying that compensation awards may not be based solely on reports prepared by privately retained doctors, the Board suggests the central issue in this case has been resolved, and recommends we dismiss our grant of review. The employer, however, vigorously maintains its claim that section 4616.6 imposes a strict and broad rule of exclusion. We address this argument to dispel any continuing uncertainty.

## II.  DISCUSSION

"[T]he Board has extensive expertise in interpreting and applying the workers' compensation scheme. Consequently, we give weight to its interpretations of workers' compensation statutes unless they are clearly erroneous or unauthorized." (*Brodie v. Workers' Comp. Appeals Bd.* (2007) 40 Cal.4th 1313, 1331.) Here, the Board's interpretation of section 4616.6 was clearly erroneous. Even before the recent amendment of section 4605, the idea that section 4616.6 bars the admission of reports from non-MPN doctors in proceedings to determine disability benefits was tenuous. The Legislature specified that "[n]o additional examinations shall be ordered by the appeals board and no other reports shall be admissable [*sic*] to resolve any controversy arising

8

out of *this article*," limiting the evidentiary exclusion to proceedings originating under article 2.3. (§ 4616.6, italics added.) Article 2.3 does not address disability benefits. In this case, there were no article 2.3 proceedings.

The Court of Appeal sensibly limited the scope of section 4616.6 to matters arising during the independent medical review process set out in article 2.3. Reading section 4616.6 broadly to apply to *all* compensation proceedings is a manifest distortion. As the Court of Appeal noted, the comprehensive medical evaluation process set out in section 4060 et seq. for the purpose of resolving disputes over compensability does not limit the admissibility of medical reports. Section 4062.3, subdivision (a) permits any party to provide the evaluator with "[m]edical and nonmedical records relevant to determination of the medical issue." Under section 4064, subdivision (d), "no party is prohibited from obtaining any medical evaluation or consultation at the party's own expense," and "[a]ll comprehensive medical evaluations obtained by any party shall be admissible in any proceeding before the appeals board," except as provided in specified statutes. The Board is, in general, broadly authorized to consider "[r]eports of attending or examining physicians." (§ 5703, subd. (a).) These provisions do not suggest an overarching legislative intent to limit the Board's consideration of medical evidence.

Any doubts over the scope of section 4616.6 are dispelled when we consider the reforms enacted by Senate Bill 863. The Legislature did not revise section 4616.6 to extend its reach beyond article 2.3 proceedings. Nor did it narrow employees' right to seek treatment from doctors of their choice at their own expense, or bar those doctors' reports from admission in disability hearings. Rather, it provided that privately retained doctors' reports "shall not be the sole basis of an award of compensation." (§ 4605.) The clear import of this language is that such reports may provide *some* basis for an award, but not standing alone.

9

The employer protests that Valdez is not exercising her right to retain a private physician under section 4605, because she has sought reimbursement for Dr. Nario's fees and thus is not retaining him at her own expense. The record before us includes no ruling on Valdez's request for reimbursement, and that issue is not before us. However, the exclusionary rule the employer seeks to derive from section 4616.6 would bar the admission of reports from privately retained and compensated physicians in disability proceedings, even when no reimbursement of medical fees is sought or awarded. Such a rule would be inconsistent with the terms of section 4605, as amended by Senate Bill 863.

The employer's attempts to transform section 4616.6 into a general rule of exclusion rest largely on its insistence that MPNs, when established, must be the exclusive source of diagnosis and treatment for injured employees. The Legislature has imposed no such requirement. Section 4605 has long permitted employees to consult privately retained doctors at their own expense, and the amendments enacted by Senate Bill 863 maintain that right. The amendments also include provisions strengthening the role of article 2.3's independent medical review process, enhancing the effectiveness of MPNs, and limiting employers' liability for the costs of out-of-network treatment. But none of the new provisions require MPNs to be exclusive providers of medical treatment.

Senate Bill 863 amended sections 4061 and 4062 to make the comprehensive medical evaluation process unavailable in disputes over diagnosis or treatment covered by article 2.3. (§§ 4061, 4062, subd. (c).) It added provisions governing the resolution of disputes over employees' right to seek treatment outside an MPN at the employer's expense. (§ 4603.2, subd. (a).) It specified that reimbursement is not available for expenses incurred without the employer's authorization, with limited exceptions. (§ 4903.1, subd. (b).) These statutory changes may encourage employees to use MPN services. However, they

10

do not foreclose other avenues of treatment, or bar the Board from considering medical reports generated outside of an MPN when it reviews applications for disability benefits.

We conclude that section 4616.6 restricts the admission of medical reports only in proceedings under article 2.3 to resolve disputes over diagnosis and treatment within an MPN. Our resolution of the admissibility issue on statutory grounds obviates the need to address Valdez's constitutional claims. We note that on remand to the Board, the amendments effected by Senate Bill 863 are applicable to Valdez's award, which is not yet final.

III.  DISPOSITION

We affirm the Court of Appeal's judgment.


**CORRIGAN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**KENNARD, J.**
**BAXTER, J.**
**WERDEGAR, J.**
**CHIN, J.**
**LIU, J.**

11

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Valdez v. Workers' Compensation Appeals Board

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 207 Cal.App.4th 1
**Rehearing Granted**

_____

**Opinion No.** S204387
**Date Filed:** November 14, 2013

_____

**Court:**
**County:**
**Judge:**

_____

**Counsel:**

Perona, Langer, Beck, Serbin & Mendoza, Ellen R. Serbin and John A. Mendoza for Petitioner.

David Bryan Leonard for California Society of Industrial Medicine & Surgery, Inc., as Amicus Curiae on behalf of Petitioner.

Law Offices of Susan M. Garrett and Carl A. Feldman for California Lien Professionals Association, Inc., as Amicus Curiae on behalf of Petitioner.

Charles E. Clark; The Rondeau Law Firm, Charles R. Rondeau; Goldflam & Barth and Stuart I. Barth for California Applicants' Attorneys Association as Amicus Curiae on behalf of Petitioner.

Neil P. Sullivan and James T. Losee for Respondent Workers' Compensation Appeals Board.

Grancell, Lebovitz, Stander, Reubens and Thomas, Grancell, Stander, Reubens, Thomas and Kinsey, Timothy E. Kinsey, Sam L. Lebovitz, Stewart Reubens; Sedgwick, Christina J. Imre and Michael M. Walsh for Respondents Warehouse Demo Services and Zurich North America.

Law Offices of Saul Allweiss, Law Offices of Allweiss & McMurty and Michael A Marks for California Workers' Compensation Institute and American Insurance Institute as Amici Curiae on behalf of Respondents Warehouse Demo Services and Zurich North America.

Roxborough, Pomerance, Nye & Adreani, Michael B. Adreani and David R. Ginsburg for Crossroads Staffing, Inc., as Amicus Curiae on behalf of Respondents Warehouse Demo Services and Zurich North America.

Dietz, Gilmor & Chazan and Robert H. Potter for San Diego County and Imperial County Schools Risk Management Joint Powers Authority as Amici Curiae on behalf of Respondents Warehouse Demo Services and Zurich North America.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

John A. Mendoza
Perona, Langer, Beck, Serbin & Mendoza
300 East San Antonio Drive
Long Beach, CA  90807-0948
(562) 426-6155

Charles R. Rondeau
The Rondeau Law Firm
879 W. 190th Street, Suite 400
Gardena, CA  90248
(310) 545-9292

Christina J. Imre
Sedgwick
801 S. Figueroa Street, 19th Floor
Los Angeles, CA  90017
(213) 426-6900