Filed 6/17/14  Garcia v. WCAB CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MIRIAN GARCIA, | B242245 |
| Petitioner, | (W.C.A.B. No. ADJ7781989) |
| v. | |
| WORKER' COMPENSATION APPEALS BOARD and ILLINOIS MIDWEST INSURANCE AGENCY, | |
| Respondents. | |

PROCEEDINGS to review a decision of the Workers' Compensation Appeals Board.  Annulled and remanded with directions.

Hinden & Breslavsky, Adam Roehrick, Leon Kleyman, Roman Ferd for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Grancell, Stander, Reubens, Thomas and Kinsey, and Alexey Shapiro for Respondent Illinois Midwest Insurance Agency.

_____

Twenty-two medical reports prepared by seven individuals were excluded by the workers' compensation judge (WCJ) because the reporting persons were not a part of the "medical provider network" (MPN) provided by the employer.  The Workers' Compensation Appeals Board (appeals board) affirmed this decision.

On the same day of the appeals board's decision,  Division Seven of this court issued its opinion and decision in *Valdez v. Workers' Comp. Appeals Bd.* (2012) 207 Cal.App.4th 1.  The court held on pertinent facts identical to those in the case before us (hereafter referred to as B242245) that medical reports could not be excluded for the sole reason that they were prepared by persons not in the MPN.

The Supreme Court granted review in *Valdez v. Workers' Comp. Appeals Bd., supra,* 207 Cal.App.4th 1.  We stayed B242245 pending the Supreme Court's decision. In *Valdez v. Workers' Comp. Appeals Bd.* (2013) 57 Cal.4th 1231 (*Valdez*), the Supreme Court affirmed the Court of Appeals' decision without any modifications.

Following the Supreme Court's decision, we issued a writ of review in B242245, informing the parties that we were inclined to annul the decision of the appeals board. We offered the parties an opportunity to file a stipulation which would allow this court, without filing of the record or any briefing, to annul the decision of the appeals board and to return B242245 to the appeals board to conduct additional proceedings that would conform to the decision and opinion in *Valdez*, *supra,*  57 Cal.4th 1231.  The parties have not filed such a stipulation.

## FACTS

Mirian Garcia (Garcia) was employed by Cooper Cold Foods, Inc. as a custodian. On March 18, 2010, she was cleaning offices when she slipped going up some steps. Garcia fell onto her knee and put her hands down to stop herself.  She felt pain all over. She felt she had hurt her right knee, right ankle and right leg; her hands turned red.

Garcia testified that she has psychological problems. She has headaches which she did not have before the March 18, 2010 incident, and she also has sleep problems she did not have before falling.

Igor Boyarsky, D.O. (Dr. Boyarsky) gave Garcia a disability slip. Garcia recalled seeing him, as well as Gunilla Karlsson, Ph.D., Ronald Zlotolow, M.D., and Maria Brickman, M.D. None of these medical providers were in the employer's MPN. Dr. Boyarsky generated eight medical reports and Dr. Karlsson authored five. Garcia admitted that she received notice of the MPN after her injury.

Thomas Saucedo, M.D., was an MPN physician. Based on his report, the WCJ found that Garcia was two percent permanently disabled. Also based on Dr. Saucedo's report, the WCJ found that Garcia had shown injury to her right knee. Noting that Garcia was also claiming injury to her right ankle, right leg and her psyche, the WCJ ruled that Garcia had failed to show injury to these other body parts.

**Pertinent Rulings by the WCJ and the Appeals Board**

The WCJ ruled that, based on Dr. Saucedo's report, Garcia became permanent and stationery on November 2, 2010. Garcia was awarded two percent permanent disability. The employer was ruled not liable for medical liens incurred for treatment after November 2, 2010.

In her opinion, the WCJ noted that reports generated by Drs. Boyarski, Capen, Karlsson, Brickman, Zlotolow, Furman, and Musher were excluded from the evidence. Garcia had failed to follow the procedures set forth in Labor Code section 4062 for the selection of a new treating physician. In her report on the petition for reconsideration, the WCJ explained more fully that under *Valdez v. Warehouse Demo Services* (2011) 76 Cal.Comp.Cases 970, an en banc decision of the appeals board, where there is a valid

3

MPN, Labor Code section 4616.6 bars medical reports generated by medical treatment outside the MPN.[1]

The appeals board denied the petition for reconsideration without adding anything to the WCJ's ruling excluding the indicated medical reports and the reason for that ruling.

## *Valdez*

"The Court of Appeal sensibly limited the scope of section 4616.6 to matters arising during the independent medical review process set out in article 2.3. Reading section 4616.6 broadly to apply to *all* compensation proceedings is a manifest distortion. As the Court of Appeal noted, the comprehensive medical evaluation process set out in section 4060 et seq. for the purpose of resolving disputes over compensability does not limit the admissibility of medical reports. Section 4062.3, subdivision (a) permits any party to provide the evaluator with '[m]edical and nonmedical records relevant to determination of the medical issue.' Under section 4064, subdivision (d), 'no party is prohibited from obtaining any medical evaluation or consultation at the party's own expense,' and '[a]ll comprehensive medical evaluations obtained by any party shall be admissible in any proceeding before the appeals board,' except as provided in specified statutes. The Board is, in general, broadly authorized to consider '[r]eports of attending or examining physicians.' (§ 5703, subd. (a).) These provisions do not suggest an overarching legislative intent to limit the Board's consideration of medical evidence." (*Valdez, supra,* 57 Cal.4th at p. 1239.)

When the canon of the liberal construction of workers' compensation laws (Lab. Code, § 3202) is added to the foregoing, the spirit with which questions of the admissibility of medical evidence are to be approached is manifest.

---

[1] "No additional examinations shall be ordered by the appeals board and no other reports shall be admissible [sic] to resolve any controversy arising out of this article." (Lab. Code, § 4616.6.)

## DISPOSITION

The decision of the appeals board denying Garcia's petition for reconsideration is annulled.  The case is remanded with directions to rule upon the admissibility of the heretofore excluded medical reports, and any further medical reports and records Garcia may wish to introduce into evidence.  In ruling upon the admissibility of medical evidence, the workers' compensation judge and the appeals board are to be guided by *Valdez, supra*, 57 Cal.4th 1231.


KRIEGLER, J.

We concur:


TURNER, P.J.


MOSK, J.