Filed 11/16/15 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MARGARET BATTEN,<br><br>   Petitioner,<br><br>v.<br><br>WORKERS' COMPENSATION APPEALS BOARD; LONG BEACH MEMORIAL HOSPITAL et al.,<br><br>   Respondents. | 2d Civil No. B260916<br>(W.C.A.B. No. ADJ3781289)<br><br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on October 28, 2015, be modified as follows:

1. On page 2, first sentence of the fourth paragraph, the word "agreed" is deleted so the sentence reads:

The parties selected Dr. Joseph Stapen as the psychiatric panel qualified medical examiner.

2. On page 7, third sentence of the second paragraph, the word "agreed" is changed to "panel qualified" so the sentence reads:

Neither section permits the admission of a report by an expert who is retained solely for the purpose of rebutting the opinion of the panel qualified medical expert's opinion.

There is no change in the judgment. Petitioner's request for rehearing is denied.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MARGARET BATTEN,<br><br>    Petitioner,<br><br>v.<br><br>WORKERS' COMPENSATION APPEALS BOARD; LONG BEACH MEMORIAL HOSPITAL et al.,<br><br>    Respondents. | 2d Civil No. B260916<br>(W.C.A.B. No. ADJ3781289) |

    Proceeding to review a decision of the Workers' Compensation Appeals Board.  Affirmed.

    William A. Herreras for Petitioner.

    Salome Jane Woodcock for Respondents Long Beach Memorial Hospital and Tristar Risk Management.

    Anne Schmitz, James T. Losee for Respondent Workers' Compensation Appeals Board.

In workers' compensation law, the Legislature has unambiguously declared that a privately retained expert's opinion evaluating an injured worker is not admissible as evidence before the Workers Compensation Appeals Board. Petitioner Margaret Batten asks us to harmonize what she perceives are conflicting statues and declare that her privately retained report is admissible. Whether the statues can be harmonized or not, there is no way to "harmonize" a legislative rule expressly declaring evidence to be inadmissible. There is no ambiguity to clarify, there is nothing to construe, there is only the obligation to follow the statutory law.

Petitioner claims that she suffered a workplace injury to her psyche. She retained a qualified medical expert at her own expense, pursuant to Labor Code section 4064, subdivision (d).[1] This section provides: "All comprehensive medical evaluations obtained by any party shall be admissible in any proceeding before the appeals board except as provided in Section 4060, 4061, 4062, 4062.1, or 4062.2." We conclude that the admission of the medical evaluation petitioner obtained is barred by section 4061, subdivision (i). We affirm the decision of the Workers' Compensation Appeals Board.

*Factual and Procedural Background*

Petitioner sustained injury to her jaw, shoulders, knees, neck, and low back arising out of and in the course of employment as a registered nurse for Long Beach Memorial Hospital. She also claims that she sustained injury to her psyche as a result of these physical injuries.

The parties selected Dr. Joseph Stapen as the agreed psychiatric panel qualified medical examiner. Stapen opined that 47 percent of petitioner's psychiatric condition was caused by industrial factors. Therefore, petitioner's psychiatric injury was not a compensable industrial injury because it was not 51 percent caused by industrial factors.

The WCJ authorized petitioner to retain her own qualified medical expert, Dr. Gary Stanwyck, to obtain a psychological evaluation at her own expense pursuant to

_____

[1]All statutory references are to the Labor Code.

2

section 4064, subdivision (d). Stanwyck opined that over 51 percent of petitioner's psychiatric condition was due to her work-related injuries, and therefore, she sustained a compensable psychiatric industrial injury. His report was reviewed by Stapen, who then issued a supplemental report commenting on Stanwyck's report. Stanwyck was deposed, and his report was forwarded to a vocational expert and considered in determining petitioner's diminished future earning capacity.

The WCJ admitted Stanwyck's report into evidence. The WCJ found Stanwyck "convincing and persuasive." The WCJ did not find Stapen "convincing and persuasive" and questioned Stapen's logic and conclusions. The WCJ found petitioner sustained injury to her psyche arising out of and in the course of employment.

Long Beach Memorial Hospital filed a petition for reconsideration with the Board arguing, in part, that the self-procured report of Stanwyck was not admissible and the WCJ erred in admitting it. The employer argued that the only admissible report on the psychiatric claim was Stapen's, and that the finding on disability should be reversed.

The Board granted reconsideration and issued an opinion and decision concluding that Stanwyck's report was not admissible and the WCJ should have relied on the opinion of Stapen. The Board concluded that section 4064, subdivision (d) provides that "medical-legal evaluations obtained outside the procedures of sections 4060, 4061, 4062, 4062.1, and 4062[.2] are not admissible."

Petitioner sought reconsideration with the Board, arguing the Board erred in finding Stanwyck's report inadmissible. The Board granted reconsideration, and then issued an opinion and decision reaffirming its earlier decision.

Thereafter, petitioner sought a writ of review from this court. We granted her petition and requested briefing addressing the applicability of section 4061, subdivision (i), which was not expressly referenced by the Board.

3

The construction of a statute by the officials charged with its administration is entitled to great weight. (*Morris v. Williams* (1967) 67 Cal.2d 733, 748.) However, " 'final responsibility for the interpretation of the law rests with the courts.' " (*Ibid.*)

"Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) Courts must follow the plain meaning of the statute when the language of the statute is clear. (*Torres v. Parkhouse Tire Service, Inc*. (2001) 26 Cal.4th 995, 1003.) The literal reading of a statute may be disregarded only if it is "repugnant" to the act or if its application would lead to "absurd results." (*Unzueta v. Ocean View School Dist*. (1992) 6 Cal.App.4th 1689, 1697-1698.)

*Section 4064, subdivision (d)*

"If a medical evaluation is required to determine compensability at any time after the filing of the claim form, and the employee is represented by an attorney, a medical evaluation to determine compensability shall be obtained only by the procedure provided in Section 4062.2." (§ 4060, subd. (c).) Subdivision (a) of section 4062.2 states: "Whenever a comprehensive medical evaluation is required to resolve any dispute . . . , and the employee is represented by an attorney, the evaluation shall be obtained only as provided in this section." Dr. Stapen, the panel qualified medical examiner, was selected using the procedures set forth in section 4062.2. The Board concluded that the procedures set forth in section 4062.2 are the exclusive method for obtaining medical evaluations for compensability because the mandatory language used in sections 4060 and 4062.2 does not allow for admission of medical-legal evaluations obtained outside the scope of sections 4060 and 4062.2.

Petitioner argues section 4064, subdivision (d) permitted the admission of her privately retained expert's report. Her contention is without merit. Section 4064, subdivision (d) provides: "All comprehensive medical evaluations obtained by any party shall be admissible in any proceeding before the appeals board *except as provided* in Section 4060, 4061, 4062, 4062.1, or 4062.2."[2] (Emphasis added.) Sections 4060, 4062, 4062.1, and 4062.2 do not specifically preclude the admission of an independently retained expert.

*Section 4061 Subdivision (i)*

Section 4061, subdivision (i) prohibits the admission of privately retained reports, unless they are prepared by a treating physician. Section 4061, subdivision (i) precludes admission of an independently retained expert opinion as follows: "With the exception of an evaluation or evaluations prepared by the treating physician or physicians, no evaluation of permanent impairment and limitations resulting from the injury shall be obtained, except in accordance with Section 4062.1 or 4062.2. Evaluations obtained in violation of this prohibition shall not be admissible in any proceeding before the appeals board." This statute is not "repugnant" to the Legislative scheme and its application does not produce "absurd results." (*Unzueta v. Ocean View School Dist.*, *supra*, 6 Cal.App.4th 1689, 1697-1698.)

Section 4061, subdivision (i) does not nullify section 4064, subdivision (d), but it does prohibit the admissibility of reports by privately retained experts. Had the Legislature intended to permit the admission of additional comprehensive medical reports, obtained at a parties' own expense for the sole purpose of rebutting the opinion of the qualified medical expert, it would have said so. The plain and unambiguous language of section 4061, subdivision (i) precludes such an interpretation. We presume the

---

[2] In a recent case, the California Supreme Court noted: "Currently, none of the statutes referenced in section 4064, subdivision (d) include any specific restriction on the admissibility of medical evaluations." (*Valdez v. Workers' Comp. Appeals Bd.* (2013) 57 Cal.4th 1231, 1234 fn. 2.) This dicta is not necessary to the decision in *Valdez* and does not address the restriction set forth in section 4061, subdivision (i).

Legislature intended every phrase and provision to have meaning and to perform a useful function. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476.)

*Ward*

This court's conclusion is supported by a significant panel decision, *Ward v. City of Desert Hot Springs* (2006) 71 Cal.Comp.Cases 1313. In *Ward*, the board held that "disputes regarding the compensability of the alleged industrial injury must be resolved, pursuant to section 4060(c), by the procedure provided in section 4062.2 and that an evaluation regarding compensability may not be obtained pursuant to section 4064 - and, if a report is obtained, it is not admissible." (*Id.* at p. 1317). The board reasoned that "because section 4060(c) and 4062.2(a) state that medical evaluations 'shall be obtained only' by the procedure they specify, it appears the Legislature intended that this procedure be the exclusive method for obtaining medical evaluations on compensability." (*Id.* at p. 1316.)

*Section 4065*

Petitioner also argues her privately retained expert's report is admissible pursuant to section 4605. It provides: "Nothing contained in this chapter shall limit the right of the employee to provide, at his or her own expense, a consulting physician or any attending physicians whom he or she desires. Any report prepared by consulting or attending physicians pursuant to this section shall not be the sole basis of an award of compensation. A qualified medical evaluator or authorized treating physician shall address any report procured pursuant to this section and shall indicate whether he or she agrees or disagrees with the findings or opinions stated in the report, and shall identify the bases for this opinion." That is exactly what happened here.

Petitioner contends that she had complied with the requirements in section 4605: the defense deposed Dr. Stanwyck; Stanwyck's report was provided to the panel qualified medical expert, Dr. Stapen; and Stanwyck's report was provided to the vocational expert. Therefore, petitioner's reasons that Stanwyck's report was admissible under section 4605.

6

The Board noted that section 4605 is contained in Article 2, which is titled "Medical and Hospital Treatment." Considering this context, the Board concluded that the term "consulting physician" in section 4605 means "a doctor who is consulted for the purposes of discussing proper medical treatment, not one who is consulted for determining medical-legal issues in rebuttal to a panel QME." We agree with the Board. Section 4605 provides that an employee may "provide, at his or her own expense, a consulting physician or any attending physicians whom he or she desires." When an employee consults with a doctor at their own expense, in the course of seeking medical treatment, the resulting report is admissible.

This reading of section 4605 is consistent with section 4061, subdivision (i). Section 4605 permits the admission of a report by a consulting or attending physician, and section 4061, subdivision (i) permits the admission of an evaluation prepared by a treating physician. Neither section permits the admission of a report by an expert who is retained solely for the purpose of rebutting the opinion of the agreed medical expert's opinion.

## *Disposition*

We affirm the decision of the Board. The parties shall bear their own costs on appeal.

CERTIFIED FOR PUBLICATION


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


7